# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATALIE HULL**, on behalf of and as guardian of her minor granddaughter, **DEVON HULL**, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | 2:07cv1637 **Electronic Filing** |
| **MICHAEL J. ASTRUE**, Commissioner of Social Security, ) ) ) ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

March 16, 2009

## I. INTRODUCTION

This action was filed pursuant to 42 U.S.C. §405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the Plaintiff's application for supplemental social security income ("SSI") under the Social Security Act ("Act"). Now before the Court are Cross-Motions for Summary Judgment. (Docket No. 5 and 7). The parties have filed briefs in support of their respective motions (Docket No. 6 and 8) and the Plaintiff has filed a reply brief (Docket No. 9). Upon analysis and consideration of each submission, and as set forth in the Opinion below, I am denying the Plaintiff's Motion for Summary Judgment (Docket No. 5) and am granting Defendant's Motion for Summary Judgment (Docket No. 7).

## II. PROCEDURAL BACKGROUND

On July 29, 2005, Natalie Hull, the Plaintiff's grandmother and guardian, on behalf of Devon, filed an application for SSI alleging a disability that began on April 1, 2004. (Tr. 72-75) The Plaintiff, Devon Hull, born on January 1, 1994, was eleven years old at the time of the filing of her application for SSI. (Id). After Plaintiff's claim was denied, she timely requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 68-69). The hearing was held on May

14, 2007, where testimony was taken from Natalie Hull, the Plaintiff's grandmother and guardian, as well as the Plaintiff, Devon Hull, who was represented by counsel. (Tr. 30-60). The ALJ, in a decision dated August 10, 2007, found Plaintiff not to be disabled under the Act and denied her claim. (Tr. 13-27) On November 7, 2007 the Appeals Council denied Plaintiff's Request for Review, rendering the ALJ's decision final. (Tr. 5-7). Plaintiff filed this action seeking relief from the ALJ's decision and now before the court are Cross-Motions for Summary Judgment.

### III. STANDARD OF REVIEW

When reviewing a decision denying SSI, the District Court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)(quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); *Richardson,* 402 U.S. at 390. A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. §706.

For a child under the age of 18 to be considered disabled and eligible for SSI under the Act, he or she must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or with has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i).

The ALJ must utilize a three-step sequential analysis when evaluating the disability status

2

of a child claimant. 20 C.F.R. §416.924(a). The ALJ must determine: (1) whether the child is working or is currently engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable impairment or combination of impairments that is severe; (3) whether the impairment(s) meet, medically equals, or functionally equals the severity of impairments listed in 20 C.F.R., § 404 subpt. P., appx. 1. For an impairment to be functionally equal in severity, a child must show marked limitations in two domains of functioning or extreme limitations in one domain. 20 C.F.R. § 416.926a(a). The six development and functioning domains are: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A marked limitation is present where the impairment interferes seriously with one's ability to "independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2)(i). An extreme limitation is present where one's impairment interferes very seriously with one's ability to "independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(3)(i).

## IV. DISCUSSION

The ALJ found that the Plaintiff was not engaged in substantial gainful activity and that her asthma, bipolar disorder, anxiety with panic, and obesity constituted a combination of impairments that are severe. (Tr. 19). Therefore the ALJ found the first two steps of the three-step analysis in the Plaintiff's favor. The ALJ did not find that Plaintiff's impairments met or medically equaled one of the listed impairments. (Tr. 19-20). Finally, the ALJ did not find that the Plaintiff's impairments functionally equaled one of the listed impairments. (Tr. 19-27). The issue of this appeal is whether the ALJ should have more fully considered certain medical assessments in determining that the Plaintiff's impairments did not functionally equal one of the listed impairments.

The ALJ determined that the Plaintiff had a marked limitation in the domain of health and

physical well-being. (Tr. 26-27). The ALJ found no limitations in the domain of caring for oneself and less than marked limitations for all the other domains. (Tr. 19-26). The ALJ pointed out that in making his findings, he disregarded the medical assessments of Amber Darney (Tr. 389-393), Jessica Bobbs (Tr. 310-311), and Amy Christine (Tr. 387-388) as they were not licenced physicians and their assessments finding marked and extreme limitations were inconsistent with the record. Since the ALJ found only one marked limitation and no extreme limitations, the ALJ determined that the Plaintiff was not disabled under the Act. (Tr. 27).

The Plaintiff's argument is the ALJ did not properly discuss why he gave no weight to the assessments of Darney, Bobbs, and Christine as required by Social Security Ruling 06-03P, 2006 WL 2329939 (S.S.A.). The Ruling states:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03P, 2006 WL 2329939 at *5.

"Other sources" under the regulations are medical sources that are not licensed physicians. 20 C.F.R. §404.1513(d). The record shows that Darney and Bobbs both acted as the Plaintiff's intense case manager (ICM) at the Centerville Clinic and Christine is a family friend of the Plaintiff who is also a registered nurse. (Tr. 44-45, 387). Since Darney, Bobbs and Christine are not licenced physicians, the ALJ correctly regarded the assessments as "other sources."

The assessments of Darney, Bobbs and Christine found that the Plaintiff has extreme limitations in the domains of attending to and completing tasks, moving about and manipulating objects, and health and physical well-being. (Tr. 387-393, 310-311). The three assessments also found marked limitations in the domains of interacting and relating with others, and caring for oneself. (Id.). In rejecting the assessments as overly restrictive the ALJ stated that the

4

"assessments regarding marked limitation in several areas of functioning are clearly inconsistent with the testimony of the child and her grandmother, reports from the child's teacher, her report cards, and the detailed records from Dr. Roh." (Tr. 27).

In determining a less than marked limitation in the domain of attending to and completing tasks, the ALJ noted that the Plaintiff had been proceeding satisfactorily through school and had improved her performance in cyberschool. (Tr. 23). The ALJ additionally pointed out notes from the Plaintiff's teacher as well as the testimony of the Plaintiff's grandmother indicated a less than marked limitation. (Id.). The ALJ clearly pointed to evidence in the record to support the finding of a less than marked limitation in the domain of attending to and completing tasks, thus he also showed what evidence was used to determine that the rejected assessments were inconsistent with the record as a whole. The explanation that the assessments were inconsistent then would allow "a claimant or subsequent reviewer to follow the adjudicator's reasoning."

Similarly, in the domains of interacting and relating with other, moving about and manipulating objects, and caring for oneself, the ALJ pointed to the Plaintiff and grandmother's testimony (Tr. 30-60), the teacher's notes (Tr. 212-219), and the doctors' reports (Tr. 289-292, 312-386) as evidence in support of his finding of a less than marked limitation. It is clear then that this evidence is what the assessments of Darney, Bobbs, and Christine was found to be inconsistent with.

In reviewing record as a whole, the ALJ's findings that the assessments of Darney, Bobbs and Christine were inconsistent with the record is supported by substantial evidence. The ALJ's discussion that the assessments were inconsistent with the record was sufficient to allow "a claimant or subsequent reviewer to follow the adjudicator's reasoning." Therefore, the ALJ correctly followed SSR 06-03P.

### V. CONCLUSION

Based on the foregoing, the Court finds that the substantial evidence supports the ALJ's

finding that the Plaintiff was not disabled under the Act.  Therefore, Plaintiff's motion for summary judgment must be denied and the Defendant's motion for summary judgment must be granted.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc:	Robert W. Gillikin, II, Esquire
	Robert Pierce & Associates, P.C.
	707 Grant Street
	2500 Gulf Tower
	Pittsburgh, PA 15219

	Pauk Kovac, AUSA
	Assistant United States Attorney